## 38663. DALTON v. THE STATE.

MARSHALL, Justice.

The appellant was indicted for "Trafficking in Illegal Drugs." "Any person who knowingly sells, manufactures, delivers, or brings into this State, or who is knowingly in actual possession of, four grams or more of any morphine, opium, or any salt, isomer, or salt of an isomer thereof, including heroin, as described in Schedule I and Schedule II, or four grams or more of any mixture containing any such substance, in violation of this Chapter, shall be guilty of the felony of 'Trafficking in Illegal Drugs.'" Code Ann. § 79A-811 (k) (Ga. L. 1980, p. 432). In this case, the indictment alleged that the appellant had been "knowingly . . . in actual possession of more than Twenty-eight (28) Grams of Heroin."

Over objection by defense counsel, the trial judge charged the jury that it would be authorized to convict the appellant of unlawful possession of the heroin as a lesser included offense of trafficking. "Except as authorized by this Chapter, it is unlawful for any person to possess or have under his control any controlled substance." Code Ann. § 79A-811(a) (Ga. L. 1975, p. 1112, as amended). As to the lesser included offense of unlawful possession, the trial judge charged the jury on the law of actual and constructive possession as stated in *Lee v. State,* 126 Ga. App. 38 (2) (189 SE2d 872) (1972): " '[T]he law recognizes two kinds of possession, actual possession and constructive possession. A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or control over a thing is then in constructive possession of it . . .'" The jury returned a verdict finding the appellant guilty of possession of the heroin, but not of trafficking.

On appeal to the Court of Appeals, the appellant argued, among other things, that possession is not an included offense within trafficking. The basis for this argument is that the offense of trafficking, under both § 79A-811 (k) and the indictment here, requires knowing, actual possession of the controlled substance, whereas the offense of possession under § 79A-811 (a) can be either actual or constructive possession. Therefore, the appellant argued that the allegation in the indictment that she had been in actual possession of the heroin did not put her on fair notice to defend against a charge of constructive possession only. The Court of Appeals rejected this argument, and we granted certiorari.

1. Under the "required evidence" test, and under the "actual evidence" and "alleged evidence" tests as they would be applied to

the facts of this case, possession of heroin is a lesser included offense of trafficking in the heroin. See *Haynes v. State,* 249 Ga. 119 (288 SE2d 185) (1982).

The possession offense has the same but less than all of the elements of the trafficking offense. See Illinois v. Vitale, 447 U. S. 410 (100 SC 2260, 65 LE2d 228) (1980). In this case, the possession offense was established by the same but less than all of the facts required under both the indictment and the evidence to establish the trafficking offense. Therefore, in this case possession is a lesser included offense of trafficking under Code Ann. § 26-505 (a).

It would also appear that possession of a controlled substance differs from the crime of trafficking in the substance "only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." Code Ann. § 26-505 (b). Therefore, possession would also be included in trafficking under § 26-505(b).

Since under § 26-505 an accused may be convicted of a crime included in a crime charged in the indictment, our holding that possession is included in trafficking here could be said to resolve the case.

2. However, the appellant also argues that the indictment's allegation of actual possession in connection with the trafficking charge did not put her on fair notice to defend against the allegation of constructive possession in connection with the unlawful possession charge. This is in essence a complaint that there was a material variance between the allegata and the probata. The appellant premises this complaint on the contention that actual and constructive possession are two entirely distinct and different things. In making this argument, the appellant relies on the statement in *Lee v. State,* 126 Ga. App. at p. 38, supra, that the " 'law recognizes two *kinds* of possession, actual possession and constructive possession . . .' " (Emphasis supplied.) Thus the appellant argues that there is a difference in kind, as opposed to there being merely a difference in degree, between actual and constructive possession.

This argument is both cleverly constructed and clearly incorrect. The difference between actual and constructive possession, as those terms are defined under Georgia criminal law, is most assuredly one of degree. As stated in *Neal v. State,* 130 Ga. App. 708, 711 (2) (204 SE2d 451) (1974), actual and constructive possession " 'often so shade into one another that it is difficult to say where one ends and the other begins.' " See also *McCann v. State,* 137 Ga. App. 445 (2) (224 SE2d 99) (1976); Daudt v. State, 368 S2d 52 (Fla. App. 1979).

Therefore, it cannot be said that the allegation of actual

possession contained in the trafficking indictment did not put the appellant on fair notice to defend against the constructive possession charge. See generally, *De Palma v. State,* 225 Ga. 465 (3) (169 SE2d 801) (1969).

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 30, 1982 —
REHEARING DENIED JULY 22, 1982.

*J. Melvin England,* for appellant.
*Susan Brooks, Assistant District Attorney,* for appellee.