## 66194. HARRIS v. THE STATE.

BIRDSONG, Judge.

Gregory Harris was convicted of rape and aggravated assault. He was sentenced to serve fifteen years for rape and ten years for aggravated assault, both sentences to be served concurrently. Harris brings an appeal through appointed counsel and seeks his own appeal pro se. *Held:*

1. In his first three enumerations of error, Harris urges that the evidence offered by the prosecutrix is unbelievable and thus insufficient to support the verdicts of guilt. The evidence of record shows without dispute that Harris entered the victim's house with her consent. Harris lived across the street and obtained permission from the victim to use her telephone in order to make a long distance call ostensibly because the phone at his house was not in good working order. The victim testified that Harris, after making a call, followed her down some stairs leading to the front door and grabbed her from behind and placed a knife at her throat. The victim was concerned about the safety of her 18-year-old daughter as well as for her own life. She therefore promised Harris she would not make any outcry and in fact did not. She testified that Harris engaged in two separate acts of intercourse against her will because he held the knife at or close to her head and throat throughout the entire episode. As soon as Harris left to go home, the victim called a sister and related the incident to her daughter and sister, obviously in a distraught condition. She had a cut on her throat caused by Harris when he first grabbed her from behind. Harris testimonially admitted being in the house with the victim and engaging in intercourse with her. He denied only that he had cut her or that the intercourse was anything other than consensual by both parties.

On appeal from a finding of guilty, the presumption of innocence no longer avails, for the fact finders have adversely adjudicated the issue of guilt to the appellant's contentions after having considered the quantum and quality of the evidence. As an appellate court, we seek to determine only if there is evidence of the requisite degree of certainty to justify and support that determination. Our review is limited to a consideration of the evidence with a view toward approving the jury's findings, considering the evidence adversely to the appellant, and approving that verdict if there is evidence sufficient to convince a rational fact finder beyond reasonable doubt. *Baker v. State,* 151 Ga. App. 636 (260 SE2d 759). Considering the sufficiency only and not the weight of the evidence, we are convinced that the jury's verdict is supported by competent evidence beyond reasonable doubt. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d

528). We find no merit in the first three enumerations of error.

2. Enumerations of error 4 and 5 contend that the charge of the court was deficient in two respects.

(a) Harris urges that it was error to refuse to give a requested charge that where two theories exist, one consistent with guilt and the other with innocence, law compels the acceptance of that showing innocence. This charge has been seriously questioned and in circumstances such as those presented in this case, its refusal has been found to be without error. We find this case to be one which is not based wholly on circumstantial evidence nor so in equipoise as to be controlled by those earlier decisions. See *Griffis v. State,* 163 Ga. App. 491 (295 SE2d 197); *Bearden v. State,* 163 Ga. App. 434 (2) (294 SE2d 667).

(b) In this enumeration appellant simply complains that the court did not charge on intent, burden of proof and reasonable doubt in the exact language requested. There is no contention that the court did not charge at all on these principles or in legally correct language. It has long been the law of this state that the failure to charge in the exact language requested, where the substance of the request is provided the jury, does not furnish grounds for reversal. *Burnett v. State,* 240 Ga. 681 (7) (242 SE2d 79); *Howard v. State,* 151 Ga. App. 759, 769 (261 SE2d 483). We find no error in the charge of the court.

3. In his fifth enumeration, Harris argues that he was denied the right of full and exhaustive cross-examination. We find this enumeration has no support in fact or law. While cross-examining a medical witness as to the victim's examination following the rape, Harris' counsel inquired into whether a urine test was conducted to determine possible pregnancy. Upon the state's objection to relevancy, the trial court sustained the objection but only as to that limited issue. Moreover, counsel withdrew the question. The scope of cross-examination lies within the sound discretion of the trial court. We will not disturb the exercise of that discretion unless there is shown an unacceptable abuse of that discretion. This record discloses no such abuse. *Kessel v. State,* 236 Ga. 373, 375 (223 SE2d 811).

4. Harris contends that a picture of the crime scene was inadmissible because it contained portions of the room that were irrelevant (i. e., the den wall and draperies). We are loath to treat any enumeration in a criminal case as frivolous, so we will say only that in this case where the picture contained relevant material depicting the crime scene (i. e., the couch where the rape occurred), the fact that in the background the walls of the room and its draperies were also portrayed clearly does not contain "irrelevant matter" so as to

preclude the admission of the photograph. Perhaps our conclusion would be different if the additional matters displayed were inherently prejudicial. Such is not the case. There was no error.

5. In his eighth enumeration of error, Harris argues that the trial court erred in admitting certain scientific reports and the tested clothing leading thereto. These tests tended to prove that both the victim and Harris had recently engaged in sexual intercourse by showing the presence of spermatazoa and seminal stains. The acts of intercourse were already independently established by both the victim and Harris. Even if we were to conclude that the evidence was subject to objection for failure of chain of custody (a conclusion which we do not reach inasmuch as a sufficient chain was shown (*Holland v. State,* 141 Ga. App. 422 (233 SE2d 497)), we still would conclude that the admission of the evidence was not error for it is highly probable that any (assumed) error did not contribute to the verdict of the jury. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869). We find no error in the admission of the various items of evidence.

6. In his pro se appeal, Harris complains that the record and transcript show inadequate representation by appointed counsel. As one basis for this enumeration, Harris contends that his appointed counsel did not interview any "alibi" witnesses. Harris does not identify any alibi witness nor did he contend that he was not present and did not engage in a sexual act with the victim. There can be no merit in this portion of Harris' pro se appeal. He also contends that in several portions of the trial, counsel did not speak loudly enough to be heard by the court reporter or the jurors or did not vigorously present defensive positions. The trial court observed in its order denying the motion for new trial on this ground that appointed counsel afforded reasonably effective assistance at trial. Our independent review of the record confirms this conclusion. Counsel made numerous objections, effectively cross-examined all the state's witnesses and presented a viable defense, i. e., consent by the victim. We will not assess effectiveness of counsel based upon the outcome of the trial. *Pitts v. Glass,* 231 Ga. 638, 640 (203 SE2d 515). There is no merit in this contention.

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

Decided May 19, 1983 —

*Charles J. Durrance,* for appellant.

Gregory Harris, *pro se,*

*Robert E. Keller, District Attorney, Clifford A. Sticher,*

*Assistant District Attorney,* for appellee.