## 66564. MOORE v. THE STATE.

DEEN, Presiding Judge.

Samuel Herman ("Sonny") Moore appeals his convictions of kidnapping and rape and sentences of 15 years to be served concurrently on each count.

1. Appellant's first three enumerations protest the refusal of the trial court to grant a new trial on the general evidentiary grounds. The victim testified that she and Moore had known each other casually when he called and asked her to go out. She agreed and picked him up in her car, but because neither of them had any money they returned to her apartment where he purportedly called his boss to arrange to borrow some money against his next paycheck. The victim drove at Moore's directions to what he told her would be the home of his boss. When they reached a secluded area she became scared and tried to drive away. Moore drew what looked to her like a short-bladed silver knife in his right hand and grabbed her arm with his left. Moore forced her to drive into a large lot where his employer stored old houses he had purchased and moved for resale. Moore then dragged her from the car and into one of the houses where he forced her at knife-point to remove her clothes while he removed his, and raped her. Telling Moore that she had to use the bathroom, the victim escaped and began running. Moore chased her, caught her by the hair and brandished a stick over her head as she struggled. The victim remembered nothing after that until she awoke in the hospital several days later.

The victim was found lying beside the road, nude except for one boot, after she was hit by a passing automobile. Police investigators

discovered the victim's and the appellant's footprints leading from the house where the victim said she was raped to the road. At an area where it appeared a scuffle had occurred, large clumps of the victim's hair and her earring were found. A pair of scissors with silver blades was outside the house identified by the victim as the scene of the rape. The results of a GBI polygraph examination stipulated as admissible by Moore indicated that his responses to the relevant questions were deceptive. Moore admitted sexual intercourse, but contended that the victim was a prostitute and that the act was consensual.

Under the appellate standards of review from a jury finding of guilty, the evidence was sufficient for a reasonable trier of fact to find proof of the crimes charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Harris v. State,* 166 Ga. App. 689 (1) (305 SE2d 428) (1983); *McCoy v. State,* 161 Ga. App. 97 (1) (289 SE2d 301) (1982). The first three enumerations are without merit.

2. The appellant also contends that the trial court erred in not allowing evidence relating to the past sexual behavior of the victim. However, our perusal of the trial transcript discloses that appellant was afforded a most thorough and sifting cross-examination, during which the victim was extensively questioned as to her use of illegal drugs, past criminal record and lack of steady employment. Evidence supporting an inference that the complainant's past sexual behavior "directly involved the participation of the accused," or that he reasonably believed she would have consented to his actions, may be properly admitted pursuant to OCGA § 24-2-3 (Code Ann. § 38-202.1). *Lamar v. State,* 243 Ga. 401 (2) (254 SE2d 353) (1979). Since appellant did not attempt to pursue this line of questioning under the prescribed statutory procedures, it cannot be said that his cross-examination was prejudicially restricted. See *Grant v. State,* 160 Ga. App. 837 (1) (287 SE2d 681) (1982).

*Judgment affirmed. Banke and Carley, JJ., concur.*

DECIDED SEPTEMBER 7, 1983.

*Henry M. Kellum,* for appellant.
*Robert E. Keller, District Attorney, Clifford A. Sticher, Assistant District Attorney,* for appellee.