### 68277. McGEE v. THE STATE.
(322 SE2d 500)

BENHAM, Judge.

Appellant was indicted for and convicted of first degree homicide by vehicle (OCGA § 40-6-393); driving under the influence of alcohol (OCGA § 40-6-391); failure to render aid (OCGA § 40-6-271); and operating a vehicle without insurance (OCGA § 33-34-12). In this appeal, he questions the omission of two requested instructions from the trial court's jury charge and the admissibility of certain expert testimony.

1. Appellant submitted a written request to the trial court that it charge the jury that "upon the trial of a criminal case the jury is the judge of both the law and the facts." The trial court did not honor appellant's request verbatim; instead, it chose to instruct the jury that "it is the duty and responsibility of the judge to ascertain the law applicable to a case and to instruct [the jury] of what the law consists. It is [the jury's] duty and responsibility to ascertain the truth of the case from a factual standpoint from the evidence presented to [the jury]. Then it is [the jury's] duty and responsibility to apply the law to the facts, and by this application of law to fact and of fact to law, arrive at a verdict in this case." Appellant argues that reversible error was committed when his charge which was taken from OCGA § 17-9-2 was not given as requested.

"It is not reversible error to fail to charge in the exact language requested when the charge given adequately covers the correct legal principles. [Cits.]" *Mullins v. State*, 157 Ga. App. 204 (6) (276 SE2d 877) (1981). "It has long been held that under a proper interpretation of [OCGA § 17-9-2], 'it is the province of the court to construe the law applicable in the trial of a criminal case, and of the jury to apply the law so construed to the facts in evidence. While the impaneled jurors are made absolutely and exclusively judges of the facts in the case, they are, in this sense only, judges of the law.' [Cits.] The court

is responsible for the correct exposition of the law and 'in the trial of criminal cases it is the *duty* of the jury to *take the law from the court*, as it is their duty to take the evidence from the witnesses.' [Cits.]" *Griffin v. State*, 154 Ga. App. 261 (4) (267 SE2d 867) (1980). See also *Mims v. State*, 188 Ga. 702 (4) (4 SE2d 831) (1939). Inasmuch as the instruction given by the trial court was a "proper interpretation" of the statutory basis of appellant's requested charge, it was not error for the trial court to fail to charge the legal concept now at issue in the language requested by appellant.

2. The trial court also failed to give appellant's requested instruction that "in a criminal case, there is no inference to be drawn from a failure to produce evidence by either side." This requested charge was submitted to the trial court subsequent to and in response to the district attorney's closing argument in which he pointed out to the jury the failure of the defense to produce several potential defense witnesses. Appellant asserts that the trial court's refusal to give the requested instruction allowed the State to create an inference of guilt from appellant's failure to produce the "missing" evidence.

The closing argument of the district attorney was not improper. *Wilson v. Zant*, 249 Ga. 373 (4) (290 SE2d 442) (1982); *Shirley v. State*, 245 Ga. 616 (1) (266 SE2d 218) (1980); *Chancellor v. State*, 165 Ga. App. 365 (26) (301 SE2d 294) (1983). However, appellant's requested charge which directs a jury that it cannot infer anything from a failure by either side to produce evidence is not a correct statement of the law. While the jury may not be instructed to infer guilt from a defendant's failure to produce evidence, the jury may be apprised of facts from which it arrives at the same conclusion. *Pritchard v. State*, 160 Ga. App. 105 (4) (286 SE2d 338) (1981). Appellant's proposed instruction would infringe upon the jury's ability to draw conclusions from the facts presented to it, as well as impair the prosecutor's ability to argue to the jury the inferences to be drawn from a defendant's failure to produce witnesses favorable to the defendant. Id. This is not the law, and the trial court did not err in refusing to so charge the jury. See *Dick v. State*, 246 Ga. 697 (8) (273 SE2d 124) (1980).

3. Lastly, appellant contends that the testimony of a forensic chemist concerning blood alcohol content level (BAC) was improperly admitted because it was without foundation. Appellant argues that the testimony was in response to a hypothetical question which was based upon facts not in evidence.

The multi-vehicle collision which is the basis for the criminal charges brought against appellant occurred at approximately 9:40 p.m. Appellant was not located and his blood-alcohol content not tested until 12:08 a.m., at which time his BAC registered .09 grams of alcohol per 100 milligrams of blood. Using this information and various metabolic rates for men of appellant's approximate weight, the

expert witness testified to a range of projected BAC's which might have resulted had appellant been tested at 9:40 p.m. The range stretched from .115 to .14 grams of alcohol per 100 milligrams of blood.

Appellant complains that the expert's testimony was inadmissible because there was no evidence of appellant's metabolic rate and no evidence that appellant had not consumed any food or alcoholic beverages during the 2-½-hour period between the accident and the blood-alcohol content test. "Although the question was phrased in part as a hypothetical question, in fact it asked the witness to give his opinion based on his observations [of appellant's weight]. A hypothetical question is not required where a properly qualified expert testifies as to his opinion based on facts within his personal knowledge. [Cit.]" *Ware v. State*, 252 Ga. 90 (3) (310 SE2d 908) (1984). The expert's opinion was properly admitted.

*Judgment affirmed. Banke, P. J., and Pope, Jr., concur.*

DECIDED SEPTEMBER 5, 1984 —
REHEARING DENIED SEPTEMBER 25, 1984

*James E. Hudson, Kenneth Kalivoda,* for appellant.
*Lindsey A. Tise, Jr., District Attorney, Barry G. Irwin, Assistant District Attorney,* for appellee.