### 71029. NATIONS v. THE STATE.
(341 SE2d 482)

SOGNIER, Judge.

Nations was convicted of a violation of the Georgia Controlled Substances Act by possessing cocaine and appeals.

1. Appellant contends the trial court erred by denying his motion for a directed verdict of acquittal. The evidence disclosed that pursuant to a warrant several law enforcement officers searched a three-bedroom house where appellant, his wife, his half-brother and the half-brother's girl friend lived. A small amount of cocaine (about 1/2 ounce) was found in a bottle under the mattress in the largest bedroom. No evidence was presented to indicate that appellant and his wife occupied the bedroom where the cocaine was found. In fact, the deputy sheriff who found the cocaine testified he did not know who occupied the bedroom. The trial court recognized this fact by stating: "There's nothing to indicate he [appellant] — anybody even lived in

the bedroom, is there?"

Appellant argues that because there is no evidence that he occupied the bedroom where the cocaine was found and other persons living in the residence had equal access to the bedroom, his conviction cannot stand. We agree and reverse.

The trial court charged the jury "that merely finding contraband on the premises occupied by the Defendant is not sufficient to support a conviction of him if it affirmatively appears from the evidence that persons other than the Defendant had an equal opportunity to commit the crime." This is a correct statement of the law, *Gee v. State*, 121 Ga. App. 41, 42-43 (1) (172 SE2d 480) (1970); *Shockley v. State*, 166 Ga. App. 182, 183 (303 SE2d 519) (1983), and is applicable to the facts of the instant case. The State's evidence established that three persons other than appellant had access to the bedroom where the cocaine was found, and in the absence of any evidence that appellant occupied the bedroom in question, there is nothing to support a finding that appellant was in knowing, exclusive possession of the cocaine, as charged. Id. Hence, we must reverse.

2. In view of our holding in Division 1, it is unnecessary to address the remaining enumerations of error.

*Judgment reversed. Birdsong, P. J., concurs. Carley, J., concurs in the judgment only.*

DECIDED FEBRUARY 13, 1986.

*E. Neil Wester III*, for appellant.

*Jacques O. Partain III, District Attorney, Steven M. Harrison, Assistant District Attorney*, for appellee.