75688, 75689. HEATH et al. v. THE STATE (two cases).
(368 SE2d 346)

BEASLEY, Judge.

Appellants Martha Heath and her son Tommy Heath were tried jointly with Joel Rolle and David Louissaint for the offense of trafficking in cocaine, OCGA § 16-13-31 (a) (1). Rolle and Louissaint were acquitted.

1. Both appellants contend the trial court erred by denying their motions for directed verdict of acquittal, based on want of evidence. However, the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that they were joint parties to the crime, and so we must uphold the jury verdict in favor of which the evidence must be viewed. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). *Harris v. State,* 166 Ga. App. 689 (1) (305 SE2d 428) (1983).

The evidence disclosed that based on information from four different informants in a space of seven days, regarding drug trafficking at the premises of Martha Heath, a sheriff's department lieutenant obtained a search warrant for those premises. When the warrant was executed the lieutenant and an investigator approached the duplex from the rear, while five other law enforcement officers approached from the front.

This was a three-bedroom apartment in a housing project. When the police arrived after 12:30 a.m., people who were standing around outside scattered. Co-defendant Rolle tried to escape the police by

running from the front to the backyard, but he fell while shaking out his pockets at the same time, exclaiming to police when caught that he was trying to rid himself of any cocaine residue which might be left from the night before.

Everyone in the apartment was brought into the living room. Martha Heath was brought from the bedroom area. Tommy was in the kitchen with his head on the table and his eyes closed and appeared intoxicated by something. A daughter who sometimes stayed in one of the bedrooms was also present. Rolle, the fellow who was caught outside, had come the day before from Florida with co-defendant Louissaint, who was in one of the bedrooms and displayed a knife when the deputy sheriff announced himself at the bedroom door. Moore was asleep in Martha Heath's bedroom, and another of Martha Heath's daughters may have been present in the apartment.

There was a single bed and a double bed in Martha Heath's bedroom. Under a blanket in a corner of the single bed was a paper sack containing a quantity of rock cocaine, $970 in small bills, and government checks. Another bedroom contained just several boxes of curtains, in one of which there was a can with holes punched in a manner commonly used for smoking crack; it contained cocaine residue. Two more such cans, and a razor, were found in another bedroom. A marijuana plant was on a window sill. A copper tube commonly used to smoke cocaine was found behind the living room door; it contained residue of the same substance found elsewhere. Someone had tried to cram a medicine bottle containing four cocaine rocks in it between the armrest and the cushion on the living room sofa but partially failed.

What was particularly notable about all of the cocaine seized, including that from the envelope in Tommy's front pocket when he was searched the next morning at the jail, was that it was all the same mixture, texture, shade of brown, and form. The laboratory chemist who tested it said it was "rare" to find cocaine cut with benzocaine, and she had seen only one other such case.

OCGA § 16-13-31 (a) (1) provides: "Any person . . . who is knowingly in actual possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine . . . commits the felony offense of trafficking in cocaine . . ." As stated, actual possession is required. *Ramsay v. State*, 175 Ga. App. 97, 100 (7) (332 SE2d 390) (1985).

The question is whether there was evidence of actual possession, which is the only type warranting a conviction. *Lockwood v. State*, 257 Ga. 796, 797 (364 SE2d 574) (1988). As repeated in *Lockwood*, actual possession consists in this: " 'A person who knowingly has direct physical control over a thing at a given time is in actual possession of it . . . .' [Cits.]" The difference between actual and construc-

tive possession "is most assuredly one of degree." *Dalton v. State*, 249 Ga. 720, 721 (2) (292 SE2d 834) (1982). In that opinion, the Supreme Court adopted this court's statement from CJS that the words actual and constructive possession " 'often so shade into one another that it is difficult to say where one ends and the other begins.' " *Neal v. State*, 130 Ga. App. 708, 711 (2) (204 SE2d 451) (1974).

There is no requirement that the proof of actual possession be by direct and not circumstantial evidence. It is the latter which authorized the convictions here. Secondly, to be convicted, neither had to "directly commit the crime." OCGA § 16-2-20 (b) (1). Each is a party to the crime not only if he directly commits it but also if he "(3) Intentionally aids or abets in the commission of the crime; or (4) Intentionally advises, encourages, hires, counsels, or procures another to commit the crime." See *Raines v. State*, 186 Ga. App. 239 (366 SE2d 841) (1988).

There is no doubt whatsoever that the crime was committed by some one or more persons. A total of 40.6 grams of cocaine cut by benzocaine, or 29.07 grams of pure cocaine, was collected from Martha Heath's apartment that night. Somebody had actual possession of it, in the legal sense. It would defy logic to say that it was lost or abandoned, or that at all times while it was in Martha Heath's apartment it was only in constructive possession. Of the people present in the apartment when the police entered, four were indicted and the jury found that only two had actual possession themselves or were culpable parties. Appellants admit in this court that: "There is no doubt that State's evidence established that someone was involved in Trafficking in cocaine in violation of O.C.G.A. § 16-3-31."

Physical presence was not the only fact connecting appellants to actual possession. As in *O'Neal v. State*, 239 Ga. 532, 533 (238 SE2d 73) (1977), "there was evidence [in addition] here to support the jury's finding of participation." Also to be considered were what was found, where it was found, appellants' reaction to the discovery, when it was found, and all other circumstances surrounding the event.

Insofar as "equal opportunity" or "equal access" is concerned, which the judge charged the jury on, that is a question of fact and therefore a jury question. *Ramsay v. State*, 175 Ga. App. 97, 99, supra. Just because several people were in Martha's apartment when the various amounts of cocaine and connected paraphernalia were found in different locations does not conclusively establish that one or more of these people other than defendants had "*equal* access" to the contraband so as to block a finding of appellants' possession. The circumstances here do not compel such a finding as a matter of law.

Another factor the jury was entitled to consider is that there was no explanation whatsoever, by way of even the slightest evidence at the scene, thereafter, or at trial, to exculpate either of these two ap-

pellants. OCGA § 24-4-9; *Dorsey v. State,* 204 Ga. 345, 352 (3) (49 SE2d 886) (1948); *Pritchard v. State,* 160 Ga. App. 105, 108 (4) (286 SE2d 338) (1981); *McGee v. State,* 172 Ga. App. 208, 209 (2) (322 SE2d 500) (1984); *Brown v. State,* 177 Ga. App. 284, 288 (4) (339 SE2d 332) (1985).

Weighing all of the circumstances revealed by the evidence was the jury's prerogative, not ours, and we cannot conclude, applying the proper standard, that they could not find appellants guilty of joint actual possession of the cocaine either directly or as intentional aiders and abettors or intentional encouragers. As to the indirect roles, there was ample evidence that at the least, Martha Heath was permitting direct committers to use her apartment for trafficking, providing a haven, and Tommy was intentionally encouraging the trafficking by himself being a direct receiver.

2. Appellants claim the court erred in failing to give a complete charge on circumstantial evidence even though requested. There are no written requests in the record, nor did anyone recite it orally. After the court charged the jury, counsel stated: "Also, we requested the charge on circumstantial evidence. You defined circumstantial evidence, but didn't give the charge about the rule of. . . ." Thus, because of the state of the record, we cannot compare what appellants may have requested with what the court gave. Requests not made part of the record cannot form the basis for reversal. *Herndon v. State,* 132 Ga. App. 747 (2) (209 SE2d 26) (1974). See also *Harp v. State,* 160 Ga. App. 575 (2) (287 SE2d 626) (1981).

On appeal, appellants argue that the charge on circumstantial evidence was misleading, nebulous, and failed to provide proper guidelines because it did not contain the rule of law stated in OCGA § 24-4-6.

The refusal to give a requested instruction on that code section is not error except when the case is totally dependent upon circumstantial evidence, *Arnett v. State,* 245 Ga. 470, 473 (4) (265 SE2d 771) (1980). In the absence of a request, it is not error to fail to charge on OCGA § 24-4-6 where the case is not close or doubtful and the charge on reasonable doubt is full and fair. *Playmate Cinema v. State,* 154 Ga. App. 871, 872 (2) (269 SE2d 883) (1980).

In reviewing the charge, we must consider it as a whole. *Williams v. State,* 249 Ga. 822, 825 (3) (295 SE2d 293) (1982). In so doing, we find that the court did not commit reversible error in failing to give in the language of the statute the principle contained therein. Contrary to appellants' argument, and viewing the entire charge, the court did not fail in this respect to provide the proper guidelines for the jury to reach a verdict which spoke the truth.

*Judgments affirmed. Birdsong, C. J., Deen, P. J., Carley and Pope, JJ., concur. McMurray, P. J., Banke, P. J., Sognier and Ben-*

*ham, JJ., dissent.*

SOGNIER, Judge, dissenting.

1. I respectfully dissent. No cocaine was found on any person in the duplex when it was searched, and the State, recognizing this fact, proceeded on the theory that the four co-defendants were in joint *constructive* possession of the cocaine. This court has held that OCGA § 16-13-31 (a) (1) requires *actual* possession of 28 grams or more of cocaine, or of any mixture containing cocaine, in order to be guilty of the offense of trafficking in cocaine. *Ramsay v. State*, 175 Ga. App. 97, 100 (7) (332 SE2d 390) (1985). This rule was reaffirmed in the recent case of *Lockwood v. State*, 257 Ga. 796, 798 (364 SE2d 574) (1988), in which the court held that the trial court erred by instructing the jury that the defendant could be convicted if he was in *constructive* possession of cocaine, because "[t]he statute clearly requires a finding of actual possession and not constructive possession." Since the State proceeded on the theory of constructive possession, as stated in its brief, this court cannot become a factfinder and decide that there must have been actual possession in someone, and therefore, Martha Heath is guilty. To reach this conclusion the majority is assuming facts which are not in evidence, and which the State recognizes are not in evidence.

The only evidence connecting Martha Heath with the cocaine found in the duplex was the fact that she occupied the premises where the cocaine was found. However, the cocaine was found in bedrooms occupied by visitors, and in a medicine bottle stuffed into a couch in the living room which was accessible to everyone present. There is no evidence that Martha Heath was on the couch, or even near the couch.

It is general law in this State that merely finding contraband on premises occupied by the defendant is not sufficient to support a conviction if it affirmatively appears from the evidence that persons other than the defendant had equal opportunity to commit the crime. *Blankenship v. State*, 135 Ga. App. 482, 483 (218 SE2d 157) (1975); *Nations v. State*, 177 Ga. App. 801, 802 (1) (341 SE2d 482) (1986); *Ramsay*, supra at 99 (7). The evidence here establishes clearly that five of the six persons present were visitors, and all of them had access to the entire premises. Thus, the general rule of law just cited is applicable here.

I would also point out that Martha Heath's conviction cannot be supported on the basis that cocaine was found on appellant Tommy Heath some ten hours later when he was frisked at the jail, as the evidence established that all persons in the duplex were searched at the duplex and no cocaine was found on Tommy Heath at that time. He had also been searched earlier at the jail and no cocaine was found

on him. Thus, the evidence shows in regard to appellant Martha Heath that she was, at most, in joint *constructive* possession of the cocaine, which is not sufficient to support a conviction of trafficking in cocaine. Accordingly, I would reverse appellant Martha Heath's conviction.

2. I would also reverse appellant Tommy Heath's conviction for trafficking in cocaine for the same reasons set forth in Division 1. However, Tommy Heath was found in possession of cocaine at the jail, and such evidence is sufficient to support a conviction of the offense of possession of cocaine because the possession of any controlled substance, regardless of amount, constitutes an offense. *Dixon v. State*, 180 Ga. App. 222, 224 (2) (348 SE2d 742) (1986).

I am authorized to state that Presiding Judge McMurray and Presiding Judge Banke join in this dissent.

DECIDED MARCH 18, 1988 —
REHEARING DENIED MARCH 31, 1988.

*Jerry M. Daniel, John Fleming*, for appellants.
*Sam B. Sibley, Jr., District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.