75923. DUKES v. THE STATE.
(369 SE2d 259)

BENHAM, Judge.

In this appeal from his conviction of trafficking in cocaine, appellant contends in his sole enumeration of error that the evidence was not sufficient to support a conviction for that offense. Specifically, he argues that the evidence is not sufficient to show that he was in actual possession of cocaine as is required by OCGA § 16-13-31 (a) (1).

"A person who knowingly has direct physical control over a thing at a given time is in actual possession of it." *Dalton v. State*, 249 Ga. 720 (292 SE2d 834) (1982). Relying on *Dalton*, appellant points to evidence that he was the passenger in the car when he and his co-defendant were arrested, and to his co-defendant's testimony that appellant never had exclusive control of the keys to the car, and concludes that the evidence does not show actual possession on his part such as would authorize a conviction. We disagree.

In addition to the evidence relied upon by appellant, the record contains evidence that appellant and his co-defendant came together from Miami for the purpose of delivering cocaine; that they had already made three deliveries before they were arrested; that just before their arrest, both appellant and the co-defendant loaded luggage into the trunk of the car in which they had traveled; and that the cocaine was found in the trunk. "Whether he had physical possession of the cocaine, appellant aided and abetted its actual physical possession and is guilty of the offense of trafficking under OCGA § 16-13-31 and under § 16-2-20, as a party to the crime . . . We decline to hold the legislature meant to exclude from the purview of § 16-13-31 a person in active participation in trafficking in cocaine . . . The 'actual possession' required by OCGA § 16-13-31 to authorize a conviction for trafficking refers not merely to physical custody but refers to actual active participation in the possession of such substances so as to be a party to the crime of trafficking." *Barrett v. State*, 183 Ga. App. 729 (2) (360 SE2d 400) (1987). The evidence at trial was sufficient to authorize a rational trier of fact to find appellant guilty of trafficking in cocaine beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Barrett v. State*, supra.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 11, 1988.

*Michael H. Lane*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Andrew Weathers, Assistant District Attorneys*, for appellee.