## 76844. WILLIAMS v. THE STATE.
### (373 SE2d 42)

McMurray, Presiding Judge.

Defendant Williams was convicted of trafficking in cocaine, possession of a firearm by a convicted felon, carrying a pistol without a license, carrying a concealed weapon and possession of a firearm during the commission of a felony. He appeals as to the trafficking in cocaine conviction and sentence, urging reversal upon two grounds. First, he contends the search warrant (pursuant to which the evidence used against him was seized) was defective and the trial court erred in denying his motion to suppress. Second, he asserts the evidence was insufficient to support the trafficking in cocaine conviction because he was not proven to be in "actual possession" of 28 grams or more of cocaine. We consider these grounds seriatim. *Held*:

1. *The search warrant.* On November 1, 1986, at approximately 11:20 p.m., David Bullard, a detective with the Waycross Police Department, presented an application for the issuance of a search warrant to a magistrate. The application sought a warrant to search defendant's person and the premises known as Steve's Motel for the presence of "crack" cocaine. The application was sworn to and signed by Detective Bullard; the jurat was signed by the magistrate. With regard to probable cause, the application made reference to an "Affidavit tape, sworn to and heard 11:20 p.m., 11-1-86."

Detective Bullard dictated the taped "affidavit" shortly before he appeared before the magistrate. The dictation was recorded on a cassette tape which Detective Bullard initialed and dated.

Detective Bullard presented the probable cause "affidavit" to the magistrate in tape-recorded form because he did not have time to have the tape transcribed. The detective swore that the facts set forth on the tape were true and correct.

The magistrate listened to the taped "affidavit" and determined that probable cause existed to search defendant and the described premises. Accordingly, he issued a search warrant which was executed by the police. Evidence supporting the charges brought against defendant was seized.

Several weeks later, the tape recording (which had been placed in an envelope and attached to the application seeking the warrant) was

transcribed at the direction of the magistrate. The resulting affidavit was signed by Detective Bullard; a jurat was affixed thereto and signed by the magistrate. It was dated November 1, 1986.

Defendant does not challenge the warrant for lack of probable cause. His argument is a technical one. Relying upon OCGA § 17-5-21 (a), he contends the trial court erred in denying his motion to suppress because the search warrant was predicated upon a tape recording, not a written complaint. We disagree.

A written complaint was presented to the magistrate. It took the form of an application for a search warrant. The application was sworn to and signed by Detective Bullard in the presence of the magistrate. It incorporated by reference the oral statement recorded on the tape. In the magistrate's presence, Detective Bullard swore that the facts set forth on the tape were true. The tape was preserved and subsequently transcribed at the magistrate's direction. Given these facts, defendant cannot show that he has been prejudiced by the taped "affidavit."

Affidavits for the issuance of a warrant should be in writing to provide a record from which reviewing courts can ascertain probable cause vel non. (Affidavits can, of course, be supplemented by sworn oral testimony given the magistrate. *Simmons v. State*, 233 Ga. 429, 431 (211 SE2d 725)). The taped "affidavit" in this case provides such a record.

Thus, the fact that the taped "affidavit" was not in written form when it was presented to the magistrate is of no real consequence. This is especially so since defendant does not challenge probable cause and does not suggest that Detective Bullard acted in bad faith by presenting a taped "affidavit" to the magistrate.

OCGA § 17-5-31 provides: "No search warrant shall be quashed or evidence suppressed because of technical irregularity not affecting the substantial rights of the accused." The fact that the taped "affidavit" was not in written form when it was presented to the magistrate is a technical defect; defendant's substantive rights are not affected. Accordingly, the trial court properly denied defendant's motion to suppress evidence. *State v. Penansky*, 140 Ga. App. 405, 406 (231 SE2d 152).

2. *The trafficking in cocaine conviction.* Defendant was arrested in a motel room. The room was registered to one Melinda Williams. Defendant, Melinda Williams, and another individual were inside the room when the police entered. Three other individuals were just leaving at that time. Searching defendant, the police found a bag in his pocket. The bag contained pieces of "crack" cocaine which were wrapped individually in "tinfoil." In a dresser drawer, five or six feet from defendant, the police located other pieces of "crack" cocaine. They, too, were wrapped individually in "tinfoil."

Altogether, more than 28 grams of cocaine were seized from the room. The cocaine taken from defendant's person, however, weighed less than 28 grams.

Defendant admitted that he owned all of the cocaine found in the motel room, having purchased it in Florida. He maintains, however, that the evidence does not demonstrate he was trafficking in cocaine since he was not shown to be in *actual* possession of the crack cocaine found in the dresser drawer. This contention does not withstand judicial scrutiny.

"The difference between actual and constructive possession 'is most assuredly one of degree.' *Dalton v. State*, 249 Ga. 720, 721 (2) (292 SE2d 834) (1982) . . . [T]he words actual and constructive possession ' "often so shade into one another that it is difficult to say where one ends and the other begins." ' *Neal v. State*, 130 Ga. App. 708, 711 (2) (204 SE2d 451) (1974)." *Heath v. State*, 186 Ga. App. 655, 656, 657 (368 SE2d 346).

Someone had actual possession of the cocaine in the dresser drawer. *Heath v. State*, 186 Ga. App. 655, 657, supra. And it is reasonable to conclude that defendant had actual possession of it since he purchased it, admitted owning it, and was arrested five or six feet from it.

The evidence demonstrated that defendant was in actual possession of 28 grams or more of cocaine. It was sufficient to enable any rational trier of fact to find defendant guilty of trafficking in cocaine beyond a reasonable doubt. *Heath v. State*, 186 Ga. App. 655, supra; *Dukes v. State*, 186 Ga. App. 815 (369 SE2d 259).

*Judgment affirmed. Pope and Benham, JJ., concur.*

DECIDED SEPTEMBER 8, 1988.

*Leon A. Wilson II*, for appellant.
*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney*, for appellee.