## 62531. BARFIELD v. THE STATE.

BIRDSONG, Judge.

Horace J. Barfield was convicted of violations of the Georgia Controlled Substances Act (possession of methaqualone and cocaine) and sentenced to serve 15 years on each, concurrently. Barfield brings this appeal enumerating four asserted errors. Held:

1. As pertinent to this appeal the facts show that on December 22, 1979, officers of the Vidalia Police Department were alerted to a possible fight at a nightclub in Vidalia. Upon arriving at the scene, the officers found appellant seated in his automobile together with several other persons, some in appellant's car and some outside in the

parking lot. The officers ascertained that there was no fight and whatever had occurred was finished. Appellant had one Alfred Graham in his car. Appellant offered evidence that Alfred Graham had been inside the club offering to sell methaqualone and cocaine and that these substances were in a brown paper bag. The manager put Graham out of the club and the manager soon thereafter heard that someone had hit Graham in the head with some object knocking Graham to the ground and causing his head to bleed. Another witness testified for the appellant that he was seated as a passenger in the front seat of Barfield's car and that Graham handed him (the passenger) a brown paper sack and asked him to keep it in the front seat. The witness testified that he pushed the bag under the front seat and then forgot about it. Appellant also denied knowing the bag was in the car or knowing what it contained.

Some unspecified time after the "fight" incident, the same two officers received an informant's tip that appellant was driving a white Chevrolet with Laurens County plates about Vidalia and that there was a quantity of illegal pills in a bag in the car. The informant was characterized as being one who had given several reliable tips in the past and whose information had resulted in arrests and convictions. Approximately two to four hours after the informant's tip, the officers saw the white car with Laurens County plates being operated by the appellant as the sole occupant. Appellant was stopped, removed from the car, and a search of the car disclosed a bag with numerous methaqualone tablets therein, and in the trunk of the car was found a zip-lock bag containing cocaine as well as other methaqualone tablets. The trial court charged the jury on the law of circumstantial evidence. The burden was placed upon the state to prove beyond reasonable doubt that Barfield possessed the drugs knowingly. The jury also properly was charged that mere presence at the same place where drugs are found (including an automobile) is not sufficient to support a conviction. Moreover, the jury was charged that merely finding contraband on premises occupied by the defendant does not support a conviction where there is affirmative evidence that others had equal access to the property. More importantly, the court did not charge the jury that a presumption of ownership or control of contraband arises from the presence of that contraband on property owned or controlled by the appellant.

2. In his first enumeration of error, appellant argues that the seizure of the drugs was the result of an illegal search. We disagree. The principal thrust of appellant's argument is that in Vidalia, a search warrant could have been obtained for appellant's vehicle during the two to four hours between the tip and the sighting of appellant's car. Admittedly as to time, that statement is true.

However, the officers testified that they did not know where the car was at any given time and had no assurance that the car would be seen that night or ever. One of the requirements for the issuance of a valid warrant is that the affiant (in this case, the officers) could assure an issuing magistrate that the description of the thing or place to be searched was described with sufficient specificity to enable a prudent officer executing the warrant to locate the place definitely and with reasonable certainty. *State v. Megdal,* 139 Ga. App. 397, 398 (1) (228 SE2d 333). Under the facts presented in this case, there is no way that the officers could have convinced an issuing magistrate that the car operated by Barfield would have been at a particular place at a particular time. At best, the officers could only have affirmed that they might see somewhere a certain auto with Laurens County plates and that the car on that night had drugs in it. We are satisfied that this would not satisfy the degree of specificity required for the description of the location of the premises to be searched. *Fomby v. State,* 120 Ga. App. 387 (170 SE2d 585). Moreover, on the basis of the information furnished, we conclude that the officers had reasonable and probable cause when providently sighting the suspected car being operated by appellant, to stop the car, search it, and seize its contraband contents. We find no merit in this enumeration.

3. In his second enumeration of error, appellant argues that the evidence of knowing possession of the drugs is based entirely on circumstantial evidence and that all reasonable explanations except that of guilt are not satisfactorily eliminated. We note that the trial court did not allow the jury to rely on the presumption of possession of the contents of the car based upon the ownership or operation of the car by Barfield. The court charged the jury that it must be satisfied beyond reasonable doubt that the possession of the drugs by Barfield was conscious and knowing. For all practical purposes, the charge of the court eliminated from the jury's consideration any use of an inference of possession arising from ownership of the car by charging the jury that mere presence in the car was not enough and that where equal access was shown mere ownership and operation of the car by appellant is not enough to sustain a conviction. However, we note that ownership of the car and sole occupancy in the car at the time of the finding of the drugs was not the only evidence. The jury was warranted in finding that appellant had had the drugs in the car for several hours at the time he was apprehended. Not only were drugs found in the front seat of his car, but additional drugs were found in a suitcase in the trunk of the car. While there were explanations offered by appellant as to how the drugs did or may have come to be in his car, the jury was not obliged to accept that version of the evidence. The rule as to the sufficiency of circumstantial evidence

to support a conviction is that the evidence exclude every reasonable hypothesis except that of guilt, not that it removed every possibility of the innocence of the defendant. *Eason v. State,* 217 Ga. 831, 840 (125 SE2d 488); *Daniels v. State,* 137 Ga. App. 371, 372 (224 SE2d 60). Whether every reasonable hypothesis except that of guilt of the defendant has been excluded is a question for the jury where the jury is properly instructed. *Rogers v. State,* 139 Ga. App. 656, 659 (229 SE2d 132). The conflicting evidence in this case was presented to the jury and the jury resolved that conflict adversely to the appellant. There being support for that determination by the jury we will not disturb the jury's verdict on that ground.

Appellant argues in his fourth enumeration of error that Alfred Graham had an equal opportunity to commit the crime of possession of the drugs. We do not disagree with that contention. However, as stated hereinabove, that issue was presented to the jury and the jury determined that whatever Alfred Graham's connection to the drugs may have been, the evidence was sufficient to convince beyond reasonable doubt that appellant also knowingly possessed the drugs. We find neither of the enumerations to have merit.

4. In his third enumeration and last for consideration, appellant contends that the state failed to prove a proper chain of custody because the officers who found the drugs stated they found them in a brown paper bag. The examining chemist at the state crime lab testified that he received the quaaludes (methaqualone) and cocaine which he tested in certain glassine bags contained in a manilla envelope. It is appellant's argument that because the drugs were not delivered to the chemist in a brown paper bag, the inference is permissible that the drugs had been tampered with between the time of confiscation and delivery to the crime lab.

We reject that argument. The evidence showed without contradiction that the officer who seized the drugs discovered the drugs in seven glassine bags within a brown paper bag and he kept them in a locked evidence container until he personally delivered them to a named chemist. That same chemist testified that he received the specific drugs in a manilla envelope containing seven glassine bags. While there was no evidence that the drugs were delivered in the brown paper bag, likewise there was no evidence of tampering. It is not necessary that the state negate all possibility of tampering but only that it show it is reasonably certain there was no alteration. When there is only a bare speculation of tampering, it is proper to admit the evidence and let what doubt remains go to its weight. *Williams v. State,* 153 Ga. App. 421, 423 (3) (265 SE2d 341). We find no merit in this last enumeration of error.

*Judgment affirmed. Shulman, P. J., and Sognier, J., concur.*

DECIDED OCTOBER 29, 1981.

*V. L. Salter, Jr.,* for appellant.
*H. R. Thompson, District Attorney, Richard A. Malone, Assistant District Attorney,* for appellee.