66789. ROBINSON v. THE STATE.

BIRDSONG, Judge.
Stevie Robinson was convicted of cruelty to an infant and sentenced to five years, four to serve and the last on probation. He brings this appeal enumerating three alleged errors.
The facts show that the child's mother and Robinson previous to the time in question had lived together and the mother had given birth to two children fathered by Robinson. A younger child, aged 18

months, was not the child of Robinson. On the day of the alleged cruelty, the mother went to work and temporarily left the three children in the custody of Robinson pending the arrival of a maternal aunt who was to assume care of the children while the mother was at work. Robinson apparently had taken care of the children on other occasions. When the aunt arrived, she heard cursing from the house. Upon entering, she found the appellant and the infant in the front room. The infant was crying. Robinson immediately informed the aunt that the child had fallen from the top bunk of a bunk bed and fallen against a chair and injured her back. A red discoloration was observed by the aunt and later by the mother when she returned from work in the evening. The next day, the mother observed multiple bruises from the upper portion of the child's torso on down to her thighs with bruises appearing both on the front and back of the child. Over objection, the child's grandmother was allowed to testify that the bruises, because of their size and configuration, caused her to believe that the bruises had been caused by a shoe.

When the child was taken to the hospital, it was determined that she indeed had multiple bruises on her body, both front and back, and that she had suffered four broken ribs as well. Pictures of the child taken while at the hospital as well as pictures taken in the bedroom where the bunk beds were located were admitted over objection. Apparently however the objection was restricted to the pictures taken of the bedroom, because the pictures reflected the bunk beds as separate bunks whereas there was no dispute that the beds were together when the child allegedly fell. The objection was restricted to the fact that the pictures did not accurately reflect the scene and thus were irrelevant to the jury's determination of the nature of the fall, if they concluded the injuries might have been caused by a fall from the top bunk. *Held:*

1. In his first enumeration of error, Robinson urges that the evidence does not support the verdict of guilty. He contends that the evidence shows that the child was in the custody of her mother and others all during the night and the following day and the injuries could have been caused by others, an equally plausible explanation to the circumstantial assumption that he was the inflictor of the injuries. Moreover, he asserts that the explanation that the child was injured by a fall from a bed against the arm of a chair is equally as reasonable as an explanation that the injuries were deliberately and criminally inflicted.

In determining the sufficiency of the circumstantial evidence to support a conviction of cruelty to a child (or to withstand a motion for new trial), the trial court as well as this court will apply a "reasonable hypothesis rule." *Murray v. State,* 135 Ga. App. 264 (217 SE2d 293).

This is to say that a conviction based solely upon circumstantial evidence must be supported by facts which not only are consistent with guilt of the accused, but should exclude every reasonable hypothesis save that of the guilt of the accused. OCGA § 24-4-6 (Code Ann. § 38-109). This does not mean that the state must exclude every possible hypothesis showing innocence, but any reasonable hypothesis showing innocence. *Eason v. State,* 217 Ga. 831 (2) (125 SE2d 488). The yardstick by which we determine what in a given case is a reasonable hypothesis, *Townsend v. State,* 127 Ga. App. 797, 799 (195 SE2d 474), is in the first instance a question for the jury. *Smith v. State,* 56 Ga. App. 384 (192 SE 647). Thus, except where the guilty verdict is unsupportable as a matter of law, this court will not substitute its judgment as to what is a reasonable hypothesis for that of the jury or the trial court. *Townsend v. State,* supra.

In this case, there is no evidence as to how the injury to the child's back or ribs occurred except that related by Robinson. The fall as Robinson contended, would have been from a height of three to four feet to a carpeted floor. While such a fall and against a chair could possibly have caused broken ribs, it would not furnish a logical or valid explanation for the presence of multiple bruises both front and back and some in the pronounced shape of a shoe. Moreover, there is no evidence of any additional injury after the injury which admittedly occurred while in Robinson's presence nor that the mother was of a violent nature or had been abusive to the children in the past. At best, Robinson offered the jury mere speculation and his own testimony, the credibility of which was a jury question in the first instance, *Harris v. State,* 236 Ga. 242 (223 SE2d 643). Such arguments do not raise issues of fact or give rise to reasonable explanations showing innocence. We are satisfied that the evidence before the jury was amply sufficient to convince any rational trier of fact beyond reasonable doubt of Robinson's guilt of the crime charged. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528).

2. In his second enumeration of error, Robinson complains the trial court erred in allowing the grandmother to give a "medical" opinion that the bruises were caused by a shoe. We conclude without hesitancy that the opinion given by the grandmother was a conclusion or opinion based upon her personal observation of a physical fact and not a "medical" opinion. Description of one's physical observations and opinions logically flowing therefrom have long been admissible in this state. *Northwestern University v. Crisp,* 211 Ga. 636 (88 SE2d 26); *Walker v. State,* 74 Ga. App. 305 (39 SE2d 716). This enumeration lacks merit.

3. In his final enumeration, Robinson contends the trial court erred in allowing the pictures showing the bunk beds in a changed

condition. When the pictures were offered, the trial court informed the jury that the pictures reflected the bunk beds in a changed position. However, the pictures also showed the general condition of the room, the beds themselves, the chair allegedly involved and the carpets on the floor. The court thus admitted the pictures to show the general condition of the room with a caution to the jury that the beds had been changed. Evidence was offered as to the height of the beds when joined together.

Under such circumstances, we agree with the rationale of the court that the pictures were useful to the jury to explain the physical furnishings of the room and to reflect the general scene. The changed position of the beds in the actual scene was fully explained to the jury. In determining the sufficiency of preliminary proof of a photograph, its admission or exclusion, even when there is admittedly some difference in the location portrayed, is a matter within the sound discretion of the trial court and will not be controlled unless manifestly abused. *Grasham v. Southern R. Co.,* 111 Ga. App. 158, 161 (141 SE2d 189). In view of the limitation imposed by the trial court at the time of admission, we find no abuse of discretion in this case. *Johnston v. State,* 232 Ga. 268, 270 (206 SE2d 468); *Craft v. State,* 154 Ga. App. 682, 684 (2) (269 SE2d 490).

*Judgment affirmed. Shulman, C. J., and McMurray P. J., concur.*

DECIDED OCTOBER 5, 1983 —
REHEARING DENIED OCTOBER 24, 1983 — ▮▮▮▮▮▮▮▮▮

*Harry J. Fox, Jr.,* for appellant.
*G. Theron Finlayson, District Attorney,* for appellee.