## 67579. O'NEAL v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of rape. On appeal he contends the trial court erred by allowing the state to introduce evidence of a prior rape committed by appellant, and by denying his motion for a mistrial when allegedly improper remarks were made by the prosecuting attorney in closing argument.

1. Appellant raped the victim after threatening her with a knife, dragging her into a bedroom, striking her and forcibly removing her clothes. He then threatened to kill the victim if she told her boyfriend what had happened. The state was allowed to present evidence that in 1976 appellant broke into a home, dragged the female victim into a bedroom, struck her when she screamed, tore off her clothes and raped her. Appellant contends it was error to allow evidence to be presented about the prior rape (to which appellant pled guilty) because it improperly placed appellant's character in evidence; was offered only to show appellant's bad character; was not similar to the rape for which he was on trial; and the prejudicial impact outweighed any probative value of such evidence.

Evidence of another crime is admissible to show motive, plan, scheme, bent of mind or course of conduct, if some logical connection can be shown between the independent crime and the crime charged other than by showing bad character; this rule has been most liberally extended in the area of sexual offenses. *Johnson v. State*, 242 Ga. 649, 652-653 (3) (250 SE2d 394) (1978); *Neal v. State*, 159 Ga. App. 450, 451 (1) (283 SE2d 671) (1981). To be admissible there must be evidence that the defendant was the perpetrator of the independent crime and there must be sufficient similarity between the indepen-

dent crime and the offense charged that proof of the former tends to prove the latter. *Davis v. State*, 249 Ga. 309, 311 (1) (290 SE2d 273) (1982). Both of these conditions were met in the instant case.

Although appellant argues that the evidence was introduced only to show bad character and the prejudicial effect outweighed any probative value, appellant testified that the victim consented to intercourse and it was a voluntary act. Thus, evidence of the earlier rape was material on the issue of consent or the lack thereof, and had a direct bearing on appellant's bent of mind. *Johnson*, supra. Evidence which is material to a case is not inadmissible because it incidentally puts a defendant's character in issue. *Hughes v. State*, 239 Ga. 393, 397 (2) (236 SE2d 829) (1977); *Miller v. State*, 163 Ga. App. 889, 890-891 (3) (296 SE2d 182) (1982). Accordingly, it was not error to admit evidence of the prior rape.

2. In closing argument the prosecuting attorney commented on the prior offense by stating, in part: "But, I submit to you that what a man does in the past can help you predict what he will do in the future." Appellant moved for a mistrial on the ground that proof of acts in the past are not admissible to predict the future, and evidence of the earlier rape was not admitted for that purpose. Appellant argues that denial of his motion without curative instructions was error.

Since evidence of a similar crime was admitted properly, as stated in Division 1, it was not error to argue that such evidence could be considered in establishing guilt. *Bryant v. State*, 164 Ga. App. 555, 557 (3) (296 SE2d 792) (1982). In the absence of a demonstration that a mistrial was essential to the preservation of appellant's right to a fair trial, it was not an abuse of the trial court's discretion to deny the motion for a mistrial, even where no curative instructions were given. *Simonton v. State*, 151 Ga. App. 431 (1) (260 SE2d 487) (1979).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED APRIL 4, 1984.

*Michael C. Cherof*, for appellant.
*Stephen A. Williams, Jr., District Attorney*, for appellee.