## 70790. STINESPRING v. THE STATE.
### (334 SE2d 369)

CARLEY, Judge.

Appellant was convicted of selling alcoholic beverages without a license and selling beer on Sunday. He appeals, enumerating as error only the denial of his motions for a directed verdict of acquittal.

Viewed in the light most favorable to the State, the evidence would authorize a finding that the police had received reports of illegal beer sales at a lot owned by appellant's brother. One Sunday, law enforcement officers placed that location under surveillance. Appellant's truck was parked there, and several people were gathered around it. A horseshoe game was in progress. Several cars arrived at and left the scene during the surveillance period. When a car arrived, its occupant(s) would converse briefly with appellant, who was standing by his truck. The occupant(s) would then disappear over the crest of a nearby hill, return with a quantity of beer, and leave the area. No exchange of money was observed. After viewing these transactions, the officers approached the scene and arrested appellant. Eight cases of iced-down beer were found on the other side of the hillcrest, and nineteen dollars were found in the bed of the truck. Although appellant admitted his presence at the horeshoe tournament, he denied that the beer was his, and he denied selling it. He stated that all of the members of his family had access to the property where the beer was found. Although he could not account for the money found in his truck, he suggested that it could have come from betting on the horseshoe game.

Appellant contends that the State's circumstantial evidence did not exclude every reasonable hypothesis save that of his guilt, and that his conviction was accordingly unauthorized. See generally *Kreager v. State*, 148 Ga. App. 548 (252 SE2d 1) (1978). " 'To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused.' [Cit.] 'However, in order to justify the inference of guilt beyond a reasonable doubt, circumstantial evidence must exclude only reasonable inferences and hypotheses and it is not necessary that such evidence be devoid of *every* inference or hypothesis except that of the defendant's guilt. [Cit.] When a jury hears the evidence, it decides questions as to reasonableness. If a jury is authorized to find that the evidence, circumstantial though it may be, is sufficient to exclude every reasonable hypothesis save that of guilt, the verdict of the jury will not be disturbed by the appellate court unless the verdict is insupportable as a matter of law. [Cits.]' [Cit.]" *Brewer v. State*, 156 Ga. App. 468, 469 (274 SE2d 817) (1980).

In the instant case, even if appellant's family members had equal access to the property upon which beer was located, it was appellant who was present while the transactions in question were being conducted, and the money was found in his truck. Most importantly, all of the persons who obtained beer did so only after conversing with appellant. The evidence that the beer was in the custody and control of appellant warranted submission of that issue to the jury. See generally *Norris v. State*, 171 Ga. App. 676, 677 (320 SE2d 886) (1984); *Hill v. State*, 164 Ga. App. 564 (298 SE2d 286) (1982). Likewise, the evidence of beer sales was sufficient to withstand a motion for a directed verdict, even though the surveillance officers did not actually see any money change hands. See *Harris v. State*, 81 Ga. App. 81 (57 SE2d 842) (1950).

"In reviewing the overruling of a motion for a directed verdict of acquittal, the proper standard to be utilized is the test established in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) [(1979)]. [Cit.]" *Norris v. State*, supra at 678. After reviewing the circumstantial evidence in the instant case, we find that a rational trior of fact could have found beyond a reasonable doubt that appellant was guilty of the crimes charged. *Jackson v. Virginia*, supra; *Harris v. State*, supra.

*Judgment affirmed. Birdsong, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 4, 1985.

*Ronald M. Adams*, for appellant.
*Timothy G. Madison*, District Attorney, *T. David Motes, Assis-*

*tant District Attorney*, for appellee.