## 43672. RICE v. THE STATE.
### (350 SE2d 443)

HUNT, Justice.

Larry Rice was convicted and sentenced to life imprisonment for the murder of Catherine Bush. His motion for new trial was denied and he now appeals.[1] We affirm the conviction.

Rice did not testify at trial but his statement given to authorities the day after the homicide was admitted into evidence following a *Jackson v. Denno* hearing. According to his statement, on the night of the victim's death, Rice and Charles Thomas[2] had been driving with the victim in Thomas' car. Thomas drove the car down a dirt road off a highway and threatened to have sex with the victim who was in the back seat with Rice. Thomas beat the victim, threatened to kill her, and finally strangled her. Rice then checked the victim and found no pulse, and complied with Thomas' order that he throw the victim's clothes in the bushes. Thomas and Rice then drove to a bridge and Rice threw the victim over the bridge, again under orders from Thomas. Thomas and Rice proceeded to the Cool Inn in order to be

---

[1] The homicide occurred on June 28, 1984. Rice was indicted during the August 1984, term of the Wilkes County Superior Court. The jury's verdict was returned on November 8, 1984, and Rice was sentenced to life imprisonment on the same date. A motion for new trial was made on January 7, 1985, and denied on August 23, 1985. Thereafter, the trial court permitted Rice to file a second motion for new trial, which was considered as an out-of-time motion. The second motion for new trial was filed on June 16, 1986, and denied on June 19, 1986. Notice of appeal was filed on June 26, 1986, and the transcript was docketed on July 9, 1986. The case was submitted for decision without oral argument on August 22, 1986.

[2] Thomas' conviction for Bush's murder and sentence to life imprisonment were affirmed by this court in *Thomas v. State*, 255 Ga. 38 (334 SE2d 675) (1985).

seen and establish an alibi.

The following morning Rice went to the Wilkes County Sheriff's office and reported that he had thrown the victim's body off the Little River Bridge. The victim's body was found on an embankment below the Little River Bridge in Wilkes County. The medical examiner who performed the autopsy on the victim testified that the victim's death was not caused by strangulation although there was evidence she had been strangled. Further, the medical examiner testified that at the time the victim was thrown over the bridge she was still alive and that the immediate cause of her death was a ruptured liver, resulting from her fall from the bridge, which was located in Wilkes County.

1. Rice's contentions that venue was not proper in Wilkes County and that the trial court erred in charging the jury on the law of conspiracy have been decided adversely to him in *Thomas v. State*, 255 Ga. 38 (334 SE2d 675) (1985). Nor do we find any error in the remainder of the trial court's instructions to the jury.

2. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. All the Justices concur.*

DECIDED DECEMBER 2, 1986.

*Robert H. Cofer II,* for appellant.

*Dennis C. Sanders, District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Assistant Attorney General,* for appellee.