## 73367. LEE v. THE STATE.
(353 SE2d 67)

POPE, Judge.
Jimmy Lee brings this appeal from his conviction of possession of marijuana with intent to distribute same. *Held:*

1. Construed most strongly in favor of the State, the evidence of record shows that appellant was in actual and/or constructive possession of marijuana in "nickel bags," i.e., packaged for sale on the street for $5.00, at a location in Atlanta notorious as a "stop and cop" area, described by the arresting officer as being "where people are standing

out on the corner at that location selling drugs and potential buyers just drive up in their vehicles and people on the corner will walk up to the vehicles and they make transactions and drive off." Thus, any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of the crime charged, accord *Lewis v. State*, 174 Ga. App. 613 (1) (330 SE2d 810) (1985), and the trial court did not err in denying appellant's motions for directed verdict of acquittal. *Stinespring v. State*, 175 Ga. App. 789 (334 SE2d 369) (1985).

2. Appellant also cites as error the trial court's overruling his objection to certain alleged "improper" remarks made by the assistant district attorney during closing argument, the court ruling in essence that counsel had a right to argue the evidence and to draw inferences therefrom. Although the State has not argued that appellant's objection at trial was insufficient to preserve this issue for appeal, we note that the objection here was sufficient to preserve this issue for appellate review. See *Hall v. State*, 180 Ga. App. 881 (3) (350 SE2d 801) (1986); see also *United States v. Lamerson*, 457 F2d 371 (1) (5th Cir. 1972). But see *Davis v. State*, 163 Ga. App. 255 (293 SE2d 74) (1982).

Essentially, in the argument objected to, the assistant district attorney asserted that there were children in the area in which appellant was selling drugs and that appellant's activities likely contributed to the children's exposure to and use of illegal drugs. The jury was urged to put appellant out of business "and send a message to all his friends saying . . . [y]ou are just not going to put up with this kind of stuff in the open around decent people." The record evidence showed that the alleged drug-selling activities took place on the grounds of a public housing authority apartment complex; an elementary school is located nearby. In light of this evidence, and although appellant testified that he knew of no children in the apartment complex, we find no impropriety in the assistant district attorney's argument. See generally *Fears v. State*, 236 Ga. 660 (2) (225 SE2d 4) (1976); *Stancil v. State*, 157 Ga. App. 189 (4) (276 SE2d 871) (1981). In any event, a prosecutor may argue to the jury the necessity to convict a defendant for the safety of the community. *Whitaker v. State*, 246 Ga. 163 (11) (269 SE2d 436) (1980); *Johnson v. State*, 246 Ga. 126 (VII) (269 SE2d 18) (1980). This enumeration of error provides no ground for reversal.

3. Appellant's assertions of error relating to the trial court's charge on conspiracy are controlled adversely to him by the holding in *Greene v. State*, 155 Ga. App. 222 (2) (270 SE2d 386) (1980).

4. Appellant's final enumeration of error is deemed abandoned. Court of Appeals Rule 15 (c) (2).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 21, 1987.

Clifton O. Bailey III, for appellant.
Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Assistant District Attorneys, for appellee.