## 75077. HENDERSON v. THE STATE.
### (363 SE2d 52)

POPE, Judge.

Defendant Roosevelt Henderson was convicted of possession of marijuana with intent to distribute and escape from custody. At the time of his arrest, he had been carrying a brown paper bag which contained nineteen smaller manilla envelopes of marijuana, known as "nickel bags," the total weight of which amounted to just less than one ounce. Defendant did not contest that he was in possession of the marijuana, but claimed he intended only to use it for himself and had no intention to sell it to others. Defendant testified he was addicted to cocaine and used marijuana cigarettes as a medium in which to "free base" cocaine. He denied ever selling drugs in order to purchase drugs. He claimed he purchased drugs with money paid to him in settlement of a personal injury claim brought by him as next friend of his minor child who had been injured in an accident. Defendant appeals his conviction, setting forth three enumerations of error.

1. Prior to trial, the court granted defendant's motion in limine to prohibit testimony from the State's witnesses concerning a telephone call from an anonymous informant who reported someone was

selling drugs at a certain street corner. At trial, the district attorney asked one of the arresting officers to state the reason why he had gone to the location where defendant was arrested. The officer responded by stating the police had received information that a subject was selling marijuana at that location. This anonymous tip led to defendant's apprehension and arrest. In response to the objection raised by defendant's attorney, the court ruled that the response be excluded from the evidence. No further objection was raised by defendant. On appeal, defendant argues the court erred in failing, on its own motion, to declare a mistrial.

When, as here, an objection is made to certain testimony and the judge gives curative instructions, "the judge [is] not required to grant a mistrial on his own motion where defense counsel made no objection to the instruction given and failed to specify what further form of relief, if any, was desired." *Mathis v. State*, 136 Ga. App. 701, 702 (222 SE2d 647) (1975); accord *Vernon v. State*, 152 Ga. App. 616 (2) (263 SE2d 503) (1979). A party may not raise an objection for the first time on appeal. If defendant believed the curative instructions given by the court were inadequate to correct the alleged prejudicial effect of the testimony, defendant should have stated his further objection or moved, at the time of trial, for further relief. "A party can not during the trial ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Joyner v. State*, 208 Ga. 435, 438 (67 SE2d 221) (1951).

2. Defendant's second and third enumerations of error are both related to the issue of the sufficiency of the evidence to support his conviction of the possession charge and will be addressed as one. The State produced no direct evidence that defendant intended to distribute the marijuana found in his possession. The only admissible evidence to support the verdict is the circumstantial evidence that the marijuana was packaged in nineteen manilla envelopes known as "nickel bags." Defendant testified he purchased the marijuana for his own use.

"To warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused." OCGA § 24-4-6. "This does not mean that the [S]tate must exclude every possible hypothesis showing innocence, but any reasonable hypothesis showing innocence." *Robinson v. State*, 168 Ga. App. 569, 571 (309 SE2d 845) (1983). Where the defendant offers an explanation of circumstantial facts or an alternative hypothesis of events, the reasonableness of that explanation is for the jury. "[T]his court will not substitute its judgment as to what is a reasonable hypothesis for that of the jury or the trial court." Id. Neither is the jury obliged to accept defendant's explanation of circumstantial facts.

*Barfield v. State*, 160 Ga. App. 228 (3) (286 SE2d 516) (1981). "After having heard the witnesses and having observed them testify, [the jury is] more capable of judging of the reasonableness of a hypothesis produced by the evidence, or the lack of evidence, and the defendant's statement, than is a court of law." *Bogan v. State*, 158 Ga. App. 1, 3 (279 SE2d 229) (1981).

Circumstantial evidence that the total quantity of marijuana possessed by defendant was packaged in numerous small manilla envelopes is sufficient for a rational trier of fact to find defendant guilty of possession with intent to distribute. See *Hudson v. State*, 154 Ga. App. 594 (1) (269 SE2d 89) (1980); see also *McDade v. State*, 175 Ga. App. 204 (1) (332 SE2d 672) (1985). We find the circumstantial evidence in this case sufficient to meet the standard of proof required by *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED NOVEMBER 10, 1987.

*W. Douglas Divine*, for appellant.

*Hobart M. Hind, District Attorney, Doris Williams, Assistant District Attorney*, for appellee.